UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR HARRIS,<br><br>  Plaintiff,<br><br>  v.<br><br>NEW REZ. LLC, et al.,<br><br>  Defendants. | No. 2:20-cv-2340-KJM-CKD PS<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS RECOMMENDING DISMISSAL WITHOUT LEAVE TO AMEND</u> |

Plaintiff proceeds pro se in this action. Presently before the court is the motion to dismiss plaintiff's first amended complaint filed by defendant New Rez, LLC, D/B/A Shellpoint Mortgage Servicing. (ECF No. 15.) Defendant's motion to dismiss came on regularly for hearing on March 24, 2021. Plaintiff appeared pro se at the hearing; attorney Johnathan Cahill appeared on behalf of defendant. For the reasons set forth below, it is recommended that defendant's motion be granted and plaintiff's complaint be dismissed without leave to amend.

**I.   BACKGROUND**

A grant deed evidencing plaintiff's purchase of the property located at 617 Daniels Avenue, Vallejo, California 94590 was recorded on August 31, 2015.[1] (ECF No. 15-2 at 4.) On

---

[1] Defendant requested judicial notice of five exhibits: the grant deed recorded on August 31, 2015, the deed of trust, the assignment of deed of trust, the Pacer document for a case filed by plaintiff in the Western District of Washington, and the case docket for a case filed by plaintiff in the Superior Court of California, County of Solano. (ECF No. 15-2.) As a general rule, "a district

1

1 the same day, a deed of trust in favor of Pinnacle Capital Mortgage LLC ("Pinnacle") in the

2 amount of $202,500.00 was recorded. (Id. at 8.) The deed of trust stated interest in the promissory

3 note and deed of trust could be assigned and transferred without notice to plaintiff. (Id. at 17.) On

4 July 14, 2020, the deed of trust was transferred and assigned to defendant Shellpoint. (Id. at 29.)

5       On or about February 4, 2020, plaintiff received notice that his mortgage had been

6 transferred and assigned to defendant. (ECF No. 1 at 68.) Plaintiff alleges that because he signed

7 a contract only with Pinnacle, defendant does not have standing to enforce the mortgage loan.

8 (ECF No. 1 at 63, 68.)

9       Plaintiff initiated this action[2] with the filing of a complaint on November 23, 2020. (ECF

10 No. 1.) On December 11, 2020, plaintiff filed a first amended complaint[3] which he titled a

11 "supplemental complaint." (ECF No. 6.) Plaintiff's original complaint and first amended

12 complaint make related and overlapping arguments.

13       Defendant initially moved to dismiss plaintiff's original complaint more than a week after

14 plaintiff filed his amended (or supplemental) complaint. (ECF No. 8.) On February 19, 2021,

15 defendant filed a second motion to dismiss which addresses both the initial complaint and

16 plaintiff's amended (or supplemental) complaint, referring to them collectively as the

17 "Complaint." (ECF No. 15-1 at 4.)

18       Plaintiff is cautioned that the court does not normally allow piecemeal amendments or

19 piecemeal supplements to complaints. Because an amended complaint supersedes and replaces

20 the original complaint, an amended complaint must stand on its own. See Loux v. Rhay, 375 F.2d

---

21 court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). An exception exists, however, for matters of public record not subject to reasonable dispute. See Id.; Fed. R. Evid. 201(b). Given the nature of these public documents, the court grants defendant's request for judicial notice.

[2] Plaintiff previously filed a complaint against defendant in the Western District of Washington, assigned case number 20-cv000642-JCC, which was ultimately dismissed without prejudice. (ECF No. 15-1 at 4.) Plaintiff also filed an action naming Shellpoint as a defendant in the Superior Court of California, County of Solano, assigned case number FCS055677. (Id.) That case was pending when defendant filed the pending motion. (Id.)

[3] Fed. R. Civ. P. 15(a) provides that a party may amend his pleading as a matter of course before a responsive pleading is served and prior to entry of an order of dismissal.

1    55, 57 (9th Cir. 1967). Unless prior approval to the contrary is obtained from the court, every

2    pleading to which an amendment or supplement is permitted as a matter of right or has been

3    allowed by the court shall be filed so that it is complete in itself without reference to the prior or

4    superseded pleading. See Local Rule 220.

5          As set forth, however, defendant's second motion to dismiss has addressed both

6    complaints together as a single complaint. (ECF No. 15-1 at 4.) The court will allow plaintiff's

7    piecemeal pleading on this occasion. The undersigned has reviewed and considered the

8    allegations of both complaints in making the findings and recommendations set forth herein.

9          The undersigned now considers the motion to dismiss filed on February 19, 2021. (ECF

10   No. 15.) Plaintiff opposes the motion. (ECF Nos. 20, 22.) Defendant filed a reply. (ECF No. 21.)

11   **II.    LEGAL STANDARD**

12         The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

13   sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

14   1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the

15   absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police

16   Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to

17   relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A

18   claim is plausible on its face "when the plaintiff pleads factual content that allows the court to

19   draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

20   Iqbal, 556 U.S. 662, 678 (2009).

21         In evaluating whether a complaint states a claim on which relief may be granted, the court

22   accepts as true the allegations in the complaint and construes the allegations in the light most

23   favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United

24   States, 915 F.2d 1242, 1245 (9th Cir. 1989). The court will not, however, assume the truth of

25   legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose,

26   788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual

27   allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

28   conclusory statements, do not suffice." Iqbal, 556 U.S. at 676. A complaint must do more than

allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

In ruling on a motion to dismiss, the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001). The court may also consider matters properly subject to judicial notice. Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007).

### III.   DISCUSSION

Plaintiff alleges the transfer of his mortgage loan from Pinnacle to defendant was unlawful. Plaintiff appears to allege defendant lacks standing to enforce the terms of the loan because plaintiff did not sign a contract with defendant. Plaintiff also alleges defendant has demanded mortgage payments from plaintiff for months for which plaintiff had already made mortgage payments.

Defendant requests the court to dismiss the case with prejudice, arguing that, to the extent plaintiff attempts to bring a fraud claim, such a claim is baseless and not met with the requisite specificity. (ECF No. 15-1 at 7.) Defendant next argues plaintiff lacks standing to contest the assignment of the loan from Pinnacle to defendant. (Id. at 8-9.) Defendant next argues plaintiff's claims fail to the extent he alleges violations of the Fair Debt Collection Practices Act ("FDCPA"); Rosenthal Fair Debt Collection Practices Act ("RFDCPA"); various constitutional challenges; California Penal Code §§ 484 and 118-1131; California Civil Code § 2923.5; 18 U.S.C. §§ 1341, 1343, 1621, and 12 U.S.C. § 2605. (Id. at 9-14.) Finally, defendant argues plaintiff's claims for injunctive relief and punitive damages are improper. (Id. at 14.)

**A.   Standing to Contest Assignment of Loan to Defendant**

Plaintiff appears to claim defendant does not have legal standing to enforce plaintiff's mortgage loan because plaintiff did not execute a contract with defendant and did not agree for the loan to be assigned to defendant. (ECF No. 1 at 63, 68; ECF No. 6 at 5-6.) On the other hand, plaintiff appears to acknowledge the loan could be transferred in the manner of which he

4

complains under the terms of the deed of trust he signed. (ECF No. 1 at 69.) Defendant asserts plaintiff lacks standing to challenge the assignment of the deed of trust to defendant. (ECF No. 1-1 at 8-9.)

As a borrower, plaintiff "does not have standing under California law to challenge irregularities in the assignment of [his] Note or Deed of Trust because those instruments are negotiable and [his] obligations thereunder remain unchanged even if [his] creditor changes." Christie v. Bank of New York Mellon, N.A., 617 F. App'x 680, 681 (9th Cir. 2015); see also Nationwide Ins. Co. of Am. v. Brown, 689 F. App'x 474, 475 (9th Cir. 2017) ("[t]o the extent that [the borrower] challenges the validity of the purported securitization of her loan, she lacks standing to raise such a challenge"); Lial v. Bank of Am. Corp., 633 F. App'x 406 (9th Cir. 2016) (borrowers "lack standing to enforce the terms of any pooling and service agreement and therefore cannot challenge any assignment into a securitized trust"); Bascos v. Fed. Home Loan Mortg. Corp., No. CV 11-3968-JFW JCX, 2011 U.S. Dist. LEXIS 86248, at *18-19 (C.D. Cal. July 22, 2011) (borrower "has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust").

Plaintiff cannot challenge the assignment of the loan to defendant. Amendment of any claim based on the assignment of the loan would be futile. The undersigned will recommend that this claim be dismissed without leave to amend.

**B. Violations of the FDCPA and RFDCPA**

Plaintiff makes conclusory allegations that he brings his claims under the FDCPA and RFDCPA. (ECF No. 1 at 47.) To state a claim for violation of FDCPA, "a plaintiff must allege facts that establish the following: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." Gomez v. Wells Fargo Home Mortg., 2011 U.S. Dist. LEXIS 134092, at *15-16 (N.D. Cal. Nov. 21, 2011) (internal citations omitted).

////

////

"Debt collector" as used in the FDCPA

> means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692(a)(6) (emphasis added).

Courts have consistently held that creditors, even assignees from the original creditor, are not "debt collectors" under the FDCPA. Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1209 (9th Cir. 2013) (affirming dismissal, in part, because plaintiff's "complaint makes no factual allegations from which we could plausibly infer that Wells Fargo regularly collects debts owed to someone other than Wells Fargo"); De Dios v. Int'l Realty & Investments, 641 F.3d 1071, 1074 (9th Cir. 2011) ("[T]he person who originated the debt, such as a creditor to whom the debt was originally owed, is not considered a debt collector"); Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028, 1031 (9th Cir. 2009) ("[A] 'creditor' is not a 'debt collector' under the FDCPA.").

In particular, mortgage servicing companies are not "debt collectors" and are exempt from liability under the FDCPA. Caballero v. Ocwen Loan Serv., No. C 09-01021 RMW 2009 U.S. Dist. LEXIS 45213, *2-3 (N.D. Cal. 2009); Scott v. Wells Fargo Home Mortg., 326 F. Supp. 2d 709, 718 (E.D. Va. 2003). Because defendant is an assignee from the original creditor, defendant is not a "debt collector" within the meaning of the FDCPA and no claim can be stated against defendant under the FDCPA. Accordingly, it is recommended that this claim be dismissed without leave to amend.

Because it is being recommended that all federal claims be dismissed, the undersigned will further recommend that the court decline to exercise supplemental jurisdiction over the state-law RFDCPA claim.[4] Depending on the resolution of these findings and recommendations and

---

[4] The RFDCPA similarly applies only to a "debt collector," but is defined more broadly as "any person who, in the ordinary course of business, regularly, *on behalf of himself or herself or others*, engaged in debt collection." Cal. Civ. Code § 1788.2(c) (emphasis added). Defendant asserts the definition of debt collector under the RFDCPA is equal in scope to the definition under the FDCPA. (ECF No. 15-1 at 10.) This does not appear to be the case. E.g., Mohanna v. Carrington Mortg. Servs. LLC, No. 18-cv-02563-WHO, 2018 U.S. Dist. LEXIS 132053, *13, n.4 (noting in response to a similar argument the RFDCPA is broader than the FDCPA).

1 the ultimate resolution of the screening of plaintiff's claims, it is possible no claims will proceed
2 that provide this court with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. If
3 it is determined that plaintiff sufficiently alleged a federal claim, then the court will consider
4 exercising supplemental jurisdiction over plaintiff's state law RFDCPA claim. (See also sections
5 E and F, infra (recommending the court decline to exercise supplemental jurisdiction over other
6 state law claims).)

### C. Constitutional Claims

Plaintiff appears to claim his due process rights under the Fifth and Fourteenth Amendments rights have been violated by the loan being transferred to defendant without his consent. (ECF No. 1 at 31-32, 43-45, 55; ECF No. 6 at 8.)

The Fifth Amendment provides, in pertinent part, "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const., Amend. 5. The Fourteenth Amendment provides, in pertinent part, "no State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amend. 14, § 1. The touchstone of due process is the protection of individuals against arbitrary actions by the government. See Cty. of Sacramento v. Lewis, 523 U.S. 833, 845 (1998). "[T]he Due Process Clause protects individuals only from governmental and not from private action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982).

Defendant is not a governmental agency, entity, municipality, or the "State" for purposes of a due process claim. Accordingly, the undersigned will recommend this claim be dismissed without leave to amend.

### D. 18 U.S.C. §§ 1341, 1343, 1621, and 12 U.S.C. § 2605

Plaintiff appears to allege causes of action for violations of 18 U.S.C. §§ 1341 and 1343. These code sections pertain to mail and wire fraud, and, as noted below, plaintiff fails to meet the heightened pleading requirements for a claim based on fraud. Moreover, "[t]he majority of published decisions. . . have declined to find a private civil cause of action created by a bare criminal statute." Black v. Sciver, No. 1:16-CV-00841-DAD-JLT, 2016 U.S. Dist. LEXIS 119309, at *12 (E.D. Cal. Sept. 2, 2016) (citing cases finding that there is no private cause of

action for sections 1341 and 1343).

Title 18 U.S.C. § 1621 is related to perjury by a defendant. This is a criminal statute with no private right of action. See Brown v. California, No. 18-CV-07826-EMC, 2019 U.S. Dist. LEXIS 99542, at *9 (N.D. Cal. June 13, 2019).

Plaintiff appears to claim defendant violated 12 U.S.C. § 2605. This statute provides, in pertinent part, "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. §2605(b)(1). This claim fails on the allegations in the complaint because plaintiff admits he received a notice of the service transfer of the loan to defendant. (ECF No. 6 at 6 (complaining that the notices he received over a "10 month[] period" regarding the "decision to transfer his contract" were insufficient). Because plaintiff acknowledges he had notice of the transfer, there is no basis for a violation of this statute.

Accordingly, the undersigned will recommend dismissal of these claims without leave to amend.

**E. Fraud**

Plaintiff refers to various billing statements sent by defendant as fraud or fraudulent. (ECF No. 1 at 2, 39-40, 61-62, 65.) The elements to show fraud or intentional misrepresentation under California law are "false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996) (quotations omitted). Under Fed. R. Civ. P. 9(b), a plaintiff must plead claims for fraud with particularity: "In all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." This rule requires the identification of the circumstances constituting fraud so the defendant can prepare an adequate answer from the allegations. Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400 (9th Cir. 1986). "[T]he pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Id. at 1401; see also Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989).

8

Plaintiff alleges defendant sent him mortgage bills corresponding to months for which plaintiff had already paid his mortgage, and that defendant continued to do so even after plaintiff proved he had previously made those payments. (See ECF No. 1 at 2, 39-40, 61-62, 65.) These allegations do not suffice to state a fraud claim because plaintiff has not alleged with specificity the content of false representations made knowingly by defendant, or plaintiff's justifiable reliance and damages suffered.

In addition, fraud is a state-law claim. See Moore, 96 F.3d at 1245. Although plaintiff states he brings fraud claims under both state and federal law (ECF No. 1 at 72), he identifies no factual basis for a fraud claim under federal law. Since it is being recommended that all federal claims be dismissed, the undersigned will recommend the court decline to exercise supplemental jurisdiction over the state-law fraud claim.

**F. Supplemental Jurisdiction for other State Law Claims**

To the extent plaintiff brings claims under California Penal Code §§ 484, and 118-1131; and California Civil Code § 2923.5, the undersigned will recommend the court decline to exercise supplemental jurisdiction. A court may decline to exercise supplemental jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has stated that if "the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

**IV.    LEAVE TO AMEND**

"A district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). If, however, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. See Gardner v. Marino, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).

The underlying basis for plaintiff's federal claims is that he believes the transfer of his loan was unlawful. Such claims cannot be cured by amendment. Because leave to amend would

9

be futile, the undersigned will recommend plaintiff's complaint and his amended (or supplemental) complaint be dismissed without leave to amend.

## V.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that defendant's request for judicial notice (ECF No. 2) is GRANTED.

It is FURTHER RECOMMENDED that:

1. Defendant's motions to dismiss (ECF Nos. 8 & 15) be GRANTED and plaintiff's complaints (ECF No. 1 & 6) be DISMISSED WITHOUT LEAVE TO AMEND.

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 25, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Harris.20cv2340.dismiss